An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN PAUL BAKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62051

FILED

MAY 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of transportation of a controlled substance. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Appellant argues that the district court erred by denying his motion to suppress because appellant's written consent to a search of the vehicle was preceded by an illegal search and the trooper, who had no legitimate basis to detain appellant, coaxed consent. Appellant further contends that the district court erred by failing to read a weight requirement into the count.[1]

With regard to appellant's claims concerning the motion to suppress, we review the district court's factual findings for clear error but review the legal consequences of those findings de novo. *State v. Lisenbee*,

---

[1]As appellant was not convicted of the alternative counts of possession of a controlled substance for purpose of sale or possession of a controlled substance, we decline to entertain appellant's claims pertaining to these charges for the reason that he has no standing to challenge them. *See* NRS 177.015.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14207

116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000). The district court conducted an evidentiary hearing on appellant's motion, considered the totality of the circumstances, including the preliminary hearing transcript and a videotape of the encounter, and determined that Trooper Ames had reasonable suspicion to detain appellant and that the detention was not unconstitutionally lengthy. *State v. Rincon*, 122 Nev. 1170, 1173-74, 147 P.3d 223, 235-36 (2006); NRS 171.123(1). The district court also concluded that appellant voluntarily, knowingly, and intelligently consented to the search of the vehicle and that the Trooper's brief retrieval of a sweater from the vehicle, at appellant's request, did not invalidate appellant's written consent. *McMorran v. State*, 118 Nev. 379, 383, 46 P.3d 81, 83 (2002); *see also Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973). We conclude that the district court's findings were not clearly erroneous and that the district court did not err by denying appellant's motion to suppress.

Appellant argues that the district court failed to read a requirement of one ounce or more into the transportation-of-a-controlled-substance count and that, without the allegation of an amount, the count should have been dismissed. Questions of statutory interpretation are reviewed de novo, and our interpretation is controlled by legislative intent; if the statute is clear on its face, we will not look beyond the statute's plain meaning to determine legislative intent. *State v. Lucero*, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011). NRS 453.321 contains no language that would require the State to allege or prove a certain amount of controlled

substance.[2]  As an element of weight was not included in the plain language of the statute, we will not create it; therefore, the district court did not err when it declined to impose a weight requirement into the statute.  Accordingly, we

ORDER the judgment of the conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Alvin R. Kacin, District Judge
Elko County Public Defender
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

---

[2]NRS 453.321(1) states, in pertinent part, that "it is unlawful for a person to: (a) [i]mport, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance."